United States District Court
Southern District of Texas
**ENTERED**
December 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| CYNTHIA RYAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-20-3792 |
| | § | |
| HOUSTON METHODIST | § | |
| HOSPITAL *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Motion for Summary Judgment (Document No. 40). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

This is an employment discrimination case. Plaintiff Cynthia Ryan ("Ryan") worked for Defendant Houston Methodist Hospital ("Methodist") as a service desk analyst. Ryan is a fifty-eight year old African-American female of African descent who alleges she suffers from an unspecified medical disability. Starting in June 2010, Ryan alleges she was demoted, investigated, subjected to discriminatory comments from coworkers, and ultimately constructively discharged from her

position at Methodist. On November 19, 2019, Ryan filed an EEOC charge of discrimination.

On November 6, 2020, Ryan filed a complaint. On March 25, 2021, Ryan filed an amended complaint asserting claims against Methodist and Methodist information technology department employees Defendant Alex Vega ("Vega"), Defendant Judith Jae Emery ("Emery"), and Defendant Steven A. Jensen ("Jensen"). On July 26, 2021, the Court granted in part and denied in part Defendants' motion to dismiss. The motion to dismiss was granted as to all claims against Vega. The remaining claims are: (1) sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) discrimination under the Age Discrimination in Employment Act (the "ADEA"); (3) violation of the Equal Pay Act (the "EPA"); (4) violation of the Family and Medical Leave Act (the "FMLA"); (5) violation of 42 U.S.C. § 1981; and (6) retaliation under Title VII, the ADA, the ADEA, and the FMLA.[1] On September 30, 2021, Defendants moved for summary judgment.

---

[1] Defendants move for summary judgment as to ADA claims asserted against Emery and Jensen. *Defendants' Motion for Summary Judgment*, Document No. 40 at 13. The Court finds Ryan's amended complaint did not assert any ADA claims against Emery and Jensen. *See First Amended Complaint*, Document No. 21 at 4, 13 (noting Methodist as the party that knew of Ryan's alleged disability and Ryan's prayer for ADA damages against Methodist, respectively). Accordingly, the Court need not address the motion to dismiss ADA claims as to Emery and Jensen.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmovant's bare allegations, standing alone, are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmovant,

summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). It is not the function of the Court to search the record on the nonmovant's behalf. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Thus, although the Court views "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kan. City S. R.R. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)).

<u>III. LAW & ANALYSIS</u>

Defendants move for summary judgment as to all remaining claims. Ryan contends triable issues of material fact preclude summary judgment. The Court addresses the FMLA claims, the EPA discrimination claim, the Title VII and § 1981 discrimination claims, the ADEA discrimination claims, and the remaining retaliation claims, in that order.

A.     *FMLA Interference and Retaliation*

Defendants contend they are entitled to summary judgment because Ryan cannot show she suffered a health condition or serious injury or illness which would entitle her to FMLA leave. Ryan does not respond to this argument.

The FMLA requires covered employers to allow eligible employees up to twelve weeks of unpaid leave if the employee suffers from a serious health condition that makes the employee unable to perform the functions of the employee's position. *Caldwell v KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017). Intermittent FMLA leave must "be medically necessary due to a serious health condition or a serious injury or illness." 29 C.F.R. § 825.302(f). When an employee fails to establish entitlement to FMLA leave, she is not protected by the FMLA and thus claims for FMLA interference and retaliation fail. *See Mauder v. Metro. Transit Auth. of Harris Cnty*, 446 F.3d 574, 582–83 (5th Cir. 2006) (analyzing FMLA interference and retaliation claims and concluding the retaliation claim must fail because the plaintiff fails to make out a prima facie interference claim).

Ryan indicates her "request for intermittent FMLA leave was due to the hostile work environment."[2] Ryan does not explain why a hostile work environment medically necessitates leave from work. Ryan further does not explain in what sense

---

[2] *First Amended Complaint*, Document No. 2 at 10.

a hostile work environment is a serious health condition, injury, or illness. The Court thus finds Ryan fails to create a triable issue of material fact as to her FMLA interference claim. Therefore, Ryan's FMLA interference claim fails. Because Ryan is thus not protected by the FMLA, her FMLA claim must also fail. Accordingly, summary judgment is granted as to all FMLA interference and retaliation claims.

## B.   EPA Discrimination

Defendants contend Ryan's EPA claims fail because she produces no evidence she was paid less than a male employee in a position requiring equal skill, effort, and responsibility. Ryan does not respond to this contention.

The EPA requires equal pay for equal work, regardless of sex. *Corning Glass Works v. Brennan*, 417 U.S. 188, 190 (1974). A plaintiff making out a prima facie claim for discrimination under the EPA must show: "1. her employer is subject to the [EPA]; 2. she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and 3. she was paid less than the employee of the opposite sex providing the basis of comparison." *Barsch v. Nueces Cnty.*, Civil Action No. 2:14-435, 2016 WL 4785169, at *5 (S.D. Tex. Jan. 14, 2016) (Tagle, J.) (quoting *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993)).

Here, Ryan produces no evidence she was paid less than a man in a position requiring equal skill, effort, and responsibility. She does not provide the pay information for any employee, much less one whom she demonstrates occupies a

position requiring work equal to Ryan's job. The Court thus finds Ryan is unable to make out an essential element of an EPA claim. Accordingly, summary judgment is granted as to the EPA discrimination claim.

C.      *Title VII and § 1981 Discrimination*

Defendants contend Ryan's claims under Title VII and § 1981 must fail because she is not able to identify a similarly situated employee outside her class and cannot show she was replaced by someone outside her protected class. Ryan does not respond to this contention.

Title VII protects individuals from sex discrimination and § 1981 from race discrimination in the employment context. *See* Civil Rights Act of 1964 § 704 *et seq.*; 42 U.S.C. § 1981. The elements of violations of both these statutes are the same and thus courts evaluate these claims with the same analysis. *Pratt v. City of Hous.*, 247 F.3d 601, 606 n.1 (5th Cir. 2001). A plaintiff may prove either case based on direct or circumstantial evidence. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2012). All cases proved based on circumstantial evidence must be analyzed under the *McDonnell Douglas* burden-shifting framework. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). This framework requires a plaintiff first make out a prima facie case of discrimination, which requires a showing she: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) suffered some adverse employment action by the employer; and (4) was

replaced by someone outside the protected group or was treated less favorably than other similarly situated employees outside the protected group. *Id.* at 556–57. The similarly-situated prong of the prima facie case requires plaintiff show an employee who was not a member of the protected group was treated differently under circumstances "nearly identical" to those of the plaintiff. *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 893 (5th Cir. 2012). "The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Id.* (citation omitted).

Ryan does not allege she was replaced by someone outside her protected groups with regard to the Title VII and § 1981 claims (sex and race, respectively). Although, in her complaint, Ryan alleges various reasons she believes she was the victim of discrimination, she does not present any individual with the same job or responsibilities, same supervisor, or had their employment status determined by the same person. The only individual employees discussed in Ryan's response to the motion for summary judgment are Emery, Jensen, Lakiya Blaze ("Blaze"), and Holly Smoot ("Smoot").[3] Emery does not have the same job as Ryan because Emery

---

[3] *Response to Defendants' Motion for Summary Judgment*, Document No. 43.

is Ryan's "supervisor and manager."[4] Jensen also did not have the same job as Ryan because he was Ryan's supervisor.[5] Neither Blaze nor Smoot had the same job because they both work for human resources, not at the service desk like Ryan.[6] Ryan does not contend any of the individuals mentioned in her response are similarly situated to her former job. The Court thus determines Ryan cannot make out a prima facie case for her Title VII and § 1981 claims. Accordingly, the motion for summary judgment is granted as to the Title VII and § 1981 discrimination claims.

D.      *ADEA Discrimination*

The ADEA prohibits age-based employment discrimination against employees who are at least forty years old. *See* 29 U.S.C. §§ 623(a), 631. To demonstrate age discrimination, a plaintiff must show: (1) she was discharged; (2) she was qualified for the position; (3) she was within the protected class at the time of discharge; and (4) she was either replaced by someone outside the protected class, was replaced by someone younger, or otherwise discharged because of her age. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). Here, Ryan produces no evidence she was replaced at all, much less by someone younger than

---

[4] *Response to Defendants' Motion for Summary Judgment*, Document No. 43 at 4.

[5] *Defendants' Motion for Summary Judgment*, Document No. 40, Exhibit B at 2 (*Declaration of Steven A. Jensen*).

[6] *Response to Defendants' Motion for Summary Judgment*, Document No. 43 at 7.

her. In her response, Ryan does not allege she was discharged because of her age and does not produce evidence she was discharged because of her age. The Court thus finds Ryan cannot make out a prima facie case she was discriminated against on the basis of her age. Accordingly, summary judgment is granted as to the ADEA discrimination claims.

E.    *Retaliation*

Defendants contend Ryan cannot prevail in any of her retaliation claims because she does not identify a single protected activity she engaged in. Ryan does not respond to this contention.

To establish a prima facie retaliation claim under Title VII, the ADEA, and the ADA, a plaintiff must show: (1) she engage in a protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse employment action. *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 869 (5th Cir. 2016) (stating the prima facie case for the ADEA); *Feist v. La. Dept. of Just.*, 730 F.3d 450, 454 (5th Cir. 2013) (stating the prima facie case for Title VII and the ADA). Protected activity is opposition to any practice rendered unlawful by the specified statute, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under the statute. *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (discussing Title VII retaliation). After the plaintiff makes out a prima facie case, the burden shifts to the

defendant to put forth a legitimate non-discriminatory reason for the adverse action. *Lindsley v. TRT Holdings, Inc.*, 984 F.3d 460, 467 (5th Cir. 2021). If the employer provides such a reason, the burden shifts back to the plaintiff to establish the employer's stated reason is pretextual. *Id.* Employee absenteeism is a legitimate nondiscriminatory reason for termination. *Powers v. Woodlands Religious Cmty. Inc.*, 323 F. App'x 300, 302 (5th Cir. 2009) (per curiam). An employee's subjective belief she has suffered retaliation is not sufficient to establish pretext. *See EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995) (holding a "subjective belief of discrimination . . . cannot be the basis of judicial relief."). The Court first addresses whether Defendants put forth a legitimate nondiscriminatory reason and then whether Ryan has produced evidence to show any offered reason is pretextual.

I.     *Legitimate Nondiscriminatory Reason*

Ryan's response does not squarely address any element of the retaliation case as to any of her claims. The alleged adverse employment action she suffered appears to be termination.[7] Ryan represents she believed she was terminated on September

---

[7] *Response to Defendants' Motion for Summary Judgment*, Document No. 43 at 2. The Court also notes Ryan contends "that Ryan is still employed by Methodist . . . ." *First Amended Complaint*, Document No. 21 at 5. Ryan never attempts to reconcile the fact her live complaint asserts she is still employed at Methodist while she asserts claims that she was wrongfully terminated from Methodist.

20, 2019.[8] She filed her EEOC charge on November 19, 2019.[9] Methodist indicates it did not terminate Ryan in September, 2019 and instead had her listed as on a "continuous leave of absence," set to expire on March 22, 2020.[10] On March 15, 2020, Ryan filed an unemployment claim with the Texas Workforce Commission listing her reason for separating from Methodist as "voluntary quit."[11] Methodist produces evidence it repeatedly reached out to Ryan to inform her the expiration of her leave would require her to return to either work by March 23, 2020 or to produce documentation related to an extension of the leave of absence by April 6, 2020.[12] Ryan does not dispute that she neither returned to work on March 23, 2020 nor filled out the extension request paperwork by April 6, 2020. On April 6, 2020, Blaze sent Ryan another email, notifying her that if she did not submit the information required to grant an extension of her leave of absence by April 13, 2020, she may be immediately terminated.[13] It is uncontested Ryan did not respond. Methodist

---

[8] *Response to Defendants' Motion for Summary Judgment*, Document No. 43 at 7.

[9] *Defendants' Motion for Summary Judgment*, Document No. 40, Exhibit M at 4 (*Charge of Discrimination*).

[10] *Defendants' Motion for Summary Judgment*, Document No. 40 at 8.

[11] *Defendants' Motion for Summary Judgment*, Document No. 40, Exhibit L at 2 (*Ryan Unemployment Claim*).

[12] *Defendants' Motion for Summary Judgment*, Document No. 40, Exhibit J (*Email Exchange Between Cynthia Ryan and Lakiya Blaze*).

[13] *Defendants' Motion for Summary Judgment*, Document No. 40, Exhibit K (*April 6, 2020 Email from Lakiya Blaze to Cynthia Ryan*).

processed her termination effective April 14, 2020 for failure to return from her leave of absence. Assuming, without deciding, Ryan has proven a prima facie case for retaliation, the Court finds Ryan's failure to return to work is a legitimate nondiscriminatory reason for her termination.

## II. Pretext

Defendants contend Ryan cannot show her termination was for pretextual reasons. Ryan contends the reason for termination was pretextual.

Ryan produces no evidence her firing was pretextual. Her evidence attached to her response to the motion for summary judgment includes her own affidavit, several of her performance reviews during her time at Methodist, a single contextless page from what appears to be Methodist's official response to the EEOC charge, documentation proving Ryan applied to other jobs at Methodist following her termination, and a job posting for the manager of the information technology desk at Methodist. None of the evidence produced explained why her cause of termination, absenteeism, is pretextual. Although Ryan repeatedly asserts her termination was pretextual in her response brief, no actual argument is articulated. An employee's subjective belief of retaliation in her termination is insufficient to survive a motion for summary judgment. *See La. Office of Cmty. Servs.*, 47 F.3d at 1448. The Court thus finds Ryan cannot show pretext as to her retaliation claims. Accordingly, summary judgment is granted as to all her retaliation claims.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion for Summary Judgment (Document No. 40) is **GRANTED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this 7th day of December, 2021.

DAVID HITTNER
United States District Judge